# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TRINA MOSLEY,** )  )  | |
| **Plaintiff,** ) ) | |
| v. ) ) | **Case No.: 2:20-cv-00105-AMM** |
| **EDUCATION CORPORATION** ) **OF AMERICA,** ) ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS ACTION

This case is before the court on Defendant's Motion To Compel Arbitration and Dismiss Action, Doc. 8. For the reasons explained below, the motion is **GRANTED**.

## I.   BACKGROUND

Ms. Mosley's complaint, filed in state court and removed by Education Corporation of America ("Education Corporation"), asserts three counts. The first is styled as a count for "Negligence/Fraud/Bad faith/Misrepresentation." It alleges a "breach of legal duty" owed to her to provide training and job opportunities, which duty allegedly flowed from an agreement between the parties. Doc. 1-1 at 7. The second count is for "Breach of Contract" and alleges other breaches of duties arising from that agreement. *Id*. at 9. The third count is styled as "Fictitious Students" and

alleges that Education Corporation used students at Virginia College to defraud Ms. Mosley into signing the agreement. *Id*. at 10.

The source of these claims is the Enrollment and Tuition Agreement ("the Agreement") that Education Corporation attached to its motion, Doc. 8-1. Ms. Mosley admits that she "did execute an Enrollment and Tuition Agreement" to attend Virginia College in Macon, Georgia, and that the "Arbitration agreement was included in the contract . . . ." Doc. 10 at 2. The arbitration provision in the Agreement states, among other things, the following in bold and all caps:

> **BY SIGNING THIS CONTRACT, THE STUDENT (AND, IF APPLICABLE, HIS/HER PARENT OR LEGAL GUARDIAN) GIVE UP THE RIGHT TO GO TO COURT AND THE RIGHT TO TRIAL BY JURY AND EXPRESSLY ACKNOWLEDGE AND UNDERSTAND THAT HIS, HER OR THEIR RIGHTS AND REMEDIES WILL BE DETERMINED BY AN ARBITRATOR AND NOT BY A JUDGE OR JURY.**

Doc. 8-1 at 8. Ms. Mosley separately signed an Arbitration Policy with an identical provision. Doc. 8-1 at 10. The Agreement provides that Alabama law governs the parties' rights under the contract. Doc. 8-1 at 7.

Education Corporation has moved to enforce the arbitration provision and dismiss this case. Doc. 8.

## II.   STANDARD OF REVIEW

The court must decide only "whether the parties agreed to arbitrate," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985),

without deciding whether their Agreement could hold up in court. The court's ruling is "in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate," and the standard of review is analogous to a summary judgment motion. *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (citations omitted). Accordingly, the movant must establish "that there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), on the question whether the parties agreed to arbitrate. A fact is material "if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). A genuine dispute as to a material fact exists where "the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III.   ANALYSIS

**A. Whether An Agreement To Arbitrate Is Established And Enforceable**

The Federal Arbitration Act ("the Act") applies to a written contract "evidencing a transaction involving commerce" and provides that an arbitration clause within the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 3 [of the Act] requires a federal court in which suit has been brought 'upon any issue referable to arbitration . . . to stay the court action pending arbitration

once it is satisfied that the issue is arbitrable under the agreement." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). These provisions "manifest a liberal federal policy favoring arbitration agreements." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quotation marks and citations omitted).

"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Id.* At least so long as that state law is consistent with "substantive federal arbitration law." *Rent-A-Center, W. Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010). As the party seeking to enforce the Agreement's arbitration provision, Education Corporation bears the burden of "proving the existence of a contract calling for arbitration." *S. Energy Homes, Inc. v. Hennis*, 776 So. 2d 105, 106 (Ala. 2000); *Bazemore*, 827 F.3d at 1334.

Education Corporation has met its burden of proving that an arbitration agreement exists. It submitted a copy of the Agreement and an affidavit affirming its authenticity. Doc. 8-1. Ms. Mosley does not dispute the existence of the Agreement, Doc. 10 at 2, and she does not assert that the Agreement submitted by Education Corporation is not the Agreement she signed, *see* Doc. 10 at 3.

4

Construed liberally, Ms. Mosley's *pro se* complaint alleges that she would not have agreed to contract with Virginia College (which is owned by Education Corporation) had she known that the claim its recruiters were making—that Medical Assistant students had a fifty-fifty chance of career placement—was bankrupt. *See* Doc. 1-1 at 5 ¶ 5. The students' real chances allegedly were closer to one-in-six. *Id*. at 4-5 ¶ 4. Ms. Mosley alleges that Virginia College's inability to make good on all its promises eventually caught up with it: the Macon campus where she attended classes is closed, and the college's creditors have sued it on unpaid rent. *Id*. at 7-8.

Whether her claim has merit, this court cannot say. The Supreme Court has decided that even where state law would dictate that a valid contract was never entered into because of fraud, federal policy favoring arbitration allows that decision to be made by an arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-46 (2006).

Ms. Mosley also asserts that the Agreement lacks consideration because nothing of value was exchanged, but this is incorrect. *See* Doc. 10 at 1. Her claim is that Virginia College promised to provide the training she needed to have a good opportunity to secure a job, and in return she promised to pay tuition. Mutual promises are valuable, *Smoyer v. Birmingham Area Chamber of Commerce*, 517 So. 2d 585, 587 (Ala. 1987), and separate consideration to support an arbitration clause

5

is not required, *Jim Walter Homes, Inc. v. Saxton*, 880 So. 2d 428, 433 n.2 (Ala. 2003).

Because Education Corporation has demonstrated the existence of the contract calling for arbitration, the burden shifts to Ms. Mosley to show that the portion of the contract calling for arbitration—severed from the contract as a whole and examined alone, *Rent-A-Center*, 561 U.S. at 71—is invalid. *Green Tree Fin. Corp. of Alabama v. Wampler*, 749 So. 2d 409, 415 (Ala. 1999). Alabama law governs the enforceability of the agreement to arbitrate because the Agreement so provides. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 507 (Ala. 1991).

Ms. Mosley makes three attacks on the validity of the arbitration agreement. First, she asserts that the arbitration agreement was one of adhesion because there was no Enrollment Agreement she could sign without an arbitration clause. Doc. 10 at 1 ¶ 2. But "the times in which consumer contracts were anything other than adhesive are long past," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346–47 (2011), and courts addressing the defense of adhesion have found again and again that "'there is nothing inherently unfair or oppressive about arbitration clauses.'" *Ex parte Smith*, 736 So. 2d 604, 612 (Ala. 1999) (quoting *Coleman v. Prudential Bache Securities, Inc.,* 802 F.2d 1350, 1352 (11th Cir.1986)).

Second, Ms. Mosley asserts that arbitrators are inherently biased and that arbitrating her claims will force her onto a pro-defendant playing field, Doc. 10 at 2 ¶¶ 3–4, but these are precisely the kinds of "generalized attacks on arbitration that rest on suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants" that the United States Supreme Court has rejected. *See Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 89–90 (2000) (quotation marks and citations omitted).

Third, Ms. Mosley asserts that according to an unidentified source, it costs between $6,650 and $11,625 to "initiate a claim to arbitrate." Doc. 10 at 2 ¶ 5. But she does not provide admissible evidence that pursuing her claims in arbitration will cost that much. When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama*, 531 U.S. at 92. Education Corporation has stated "that Plaintiff is only liable for an initial $200 nonrefundable Filing Fee," and that "the remainder of the fees and expenses are borne by the Defendant . . . ." Doc. 11 at 6.

Finally, Ms. Mosley points to Department of Education regulations which she contends prohibit schools from enforcing arbitration clauses against their former students. Doc. 10 at 3. But those regulations have to do with borrower defense proceedings and do not apply to Ms. Mosley's lawsuit against Education

7

Corporation. *See* 34 C.F.R. § 685.206; 81 FR 75926-01, at *75929 ("The rights adjudicated in borrower defense proceedings are rights of the Direct Loan borrower against the government regarding the borrower's obligation to repay a loan made by the government, and rights of the government to recover from the school for losses incurred as a result of the act or omission of the school in participating in the Federal loan program.")

Finding that the parties made an agreement to arbitrate, the court turns to the Act's other requirements: that the transaction "involve[] commerce," 9 U.S.C. § 2, and that the issues presented in this lawsuit are "arbitrable under the agreement," *Prima Paint Corp.*, 388 U.S. at 400. Education Corporation has established, and Ms. Mosley has not contested, that their transaction involved commerce and that the issues in this suit are all arbitrable under the agreement. *See* Doc. 8 at 4-6. Under controlling precedent, Education Corporation has carried its burden to compel arbitration.

**B. Whether The Action Is Due To Be Dismissed**

Education Corporation argues that because the parties agreed to arbitrate their dispute, the court should dismiss this case with prejudice. Doc. 8 at 9. Education Corporation cites three cases for this proposition, two of which remain good law,[1]

---

[1] Education Corporation cited *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367 (N.D. Ga. 2006), but failed to note that that decision was reversed by the Eleventh Circuit.

but those cases were dismissed without prejudice. This distinction matters. Dismissing a case without prejudice protects a party's "right to litigate any issues found non-arbitrable" by the arbitrator, *Samadi v. MBNA Am. Bank, N.A.*, 178 F. App'x 863, 866 (11th Cir. 2006), and leaves undisturbed a party's ability to enforce in court an award entered by the arbitrator, *see Tucker v. Ernst & Young, LLP*, 159 So. 3d 1263, 1271 (Ala. 2014).

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion To Compel Arbitration And Dismiss Action, Doc. 8, is granted and this case is dismissed without prejudice.

**DONE** and **ORDERED** this 25th day of June, 2020.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE